UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09CV00022 ERW |
| | ) |
| JAMES BARNES, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court finds that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. As a result, the Court will dismiss this action without prejudice.

**Background**

Plaintiff, a prisoner, originally filed this action along with two other inmates on April 9, 2009. On review of plaintiffs' motions to proceed in forma pauperis, the Court concluded that multiple prisoners may not join in a lawsuit together where they have each moved to proceed in forma pauperis. As a result, the Court ordered the Clerk to open this action with Holt as the sole plaintiff. See Georgeoff v. Barnes, 2:09CV14 ERW (E.D. Mo.).

In a subsequent order, the Court reviewed the original complaint pursuant to 28 U.S.C. § 1915(e). In that order, the Court found that the complaint did not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure because it was unnecessarily complex, because it was unnecessarily repetitious, and because it attempted to fully summarize the facts involved in the case. Accordingly, the Court ordered plaintiff to file an amended complaint that complies with the Federal Rules.

## Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." "The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved." Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).

"A party should seek to frame his averments as directly as possible; redundancy and verbosity are to be strictly avoided. Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage." 5 Wright & Miller, Federal Practice and Procedure Civ. 3d § 1281 (collecting cases).

## The Amended Complaint

The amended complaint is 82 pages long and contains 241 numbered paragraphs. As the Court stated in a previous order, the facts giving rise to the complaint are not complex. Plaintiff alleges that defendant Barnes forced plaintiff and several other prisoners to undress in front of him and stroke their genitals while he leered at them in a sexually suggestive manner. Plaintiff further alleges that he informed the other defendants of Barnes's actions and that the other defendants either refused to investigate the incidents or actively worked to cover up the incidents. Plaintiff further alleges that each of the defendants was engaged in a conspiracy to violate his and the other prisoners' constitutional rights.

## Discussion

The complaint is unnecessarily prolix and complex. The allegations are very often conclusory and legally argumentative, which only adds to the unnecessary prolixity in the complaint. Additionally, the occurrences that gave rise to the complaint have been unnecessarily multiplied. As a result, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff has failed to comply with the Court's previous order, in which plaintiff was directed to file an amended complaint that complies with the Federal Rules. As a result, the Court will dismiss the complaint, without prejudice, pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure.  This dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED**, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of September, 2009.

*[signature]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE